Headeriok, J.,
delivered the opinion of the Court.
Galloway and Matthews filed their attachment bill against Wm. Perry, jr., in the Chancery Court at Columbia in October, 1861.
An attachment was issued and levied on personal property, and Perry gave bond and retained the possession of the property.
The complainants in this cause obtained judgment in 1860, upon which several executions were issued and levied in 1865, in part upon the same property which Galloway and Matthews had attached in 1861. The property at the time of complainants’ levies, was in the possession of the defendant Perry, and he was about to remove it beyond the limits of the State.
Galloway and Matthews then filed a supplemental *679 attachment bill and had the property levied on by complainants placed in the hands of the Clerk and Master, not making- the complainants parties to said bill, whereupon the complainants filed their bill in this ease in October, 1865, for the settlement of the rights of the parties to the property attached, insisting upon the lien of their levies, and praying for a sale of the property for the satisfaction of their judgment.
The property was sold, and a fund realized more than sufficient to pay, exclusive of costs and charges, complainants’ judgments, to which the Chancellor directed it should be first applied.
From this decree defendants appealed, the Court having refused a rehearing upon the petition of defendants.
The question presented is as to the effect of the bond executed by defendant Perry upon the levy of the attachment issued upon the bill filed by Galloway and Matthews. The bond seems to have been lost or destroyed, and depositions are taken to show its stipulations. Lewis Amis, the Sheriff who levied the attachment, states that he levied on eight or ten thousand dollars worth of property, and took a bond, with Robert T. Perry and Y. S. Pickard as sureties, for the forthcoming of the property, or to be kept within the jurisdiction of the Court, subject to the decision of the Court; and that J. B. Alderson wrote the bond for him. Upon cross examination the witness stated, “ that the bond taken was the usual replevy bond taken in attachment cases, when the property is restored to the defendant.” That “we sheriffs called *680 these bonds forthcoming bonds, but they were. replevy bonds required to be taken in such cases.”
J. B. Alderson stated that he wrote the bond, and that his recollection is that Amis called on him to write a forthcoming bond for the property, to answer any decree of the Chancery Court at Columbia that should be made in the cause. It was the usual replevy bond, and the property was restored to defendants.
The Chancellor held ■ that the bond executed was a replevy bond, and gave a decree in favor of complainants.
In this we think there was no error, as by the execution of the replevy bond the property was released from the lien of the attachment, and was liable to be taken upon execution against Perry.
The cause seems to have been voluntarily brought to a hearing by the parties at the term ,at which the decree was rendered. Each party had an opportunity to examine the evidence, and either might have obtained a continuance upon sufficient ground stated, if not prepared for the hearing, and we do not see that there was any error in the refusal of the Chancellor to grant a rehearing.
The decree of the Chancellor will be affirmed, and the cause will be remanded, to the end that the fund may be collected and appropriated as directed by the Chancellor’s decree.